UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON M. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-00607-JAR |
| | ) | |
| ELLIS MCSWAIN[1], | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jason M. Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 8). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On April 5, 2011, Petitioner pled guilty to distribution, delivery, manufacture or production of a controlled substance; and possession of a controlled substance in the Circuit Court of Clark County, Missouri. On May 3, 2011, Petitioner was sentenced to fifteen years on the distribution charge and five years on the possession charge to run concurrently and concurrently with the sentence of five years Petitioner had previously received for stealing a firearm. Petitioner did not file a direct appeal of his conviction. He did, however, file a motion for post-conviction relief with the state on November 26, 2012. His post-conviction petition was denied as untimely on November 28, 2012.

On March 29, 2013, Petitioner filed his Section 2254 petition in which he raises the

---

[1] Ellis McSwain, Chairman of the Missouri Board of Probation and Parole, is substituted as the proper party respondent in this case as petitioner has been paroled for the convictions he challenges in his petition. *See* Rule 2(a), RULES GOVERNING § 2254 PROCEEDINGS IN THE DISTRICT COURTS.

following four grounds for relief:

1) Petitioner alleges that the Court did not honor its mandate to insure, clear, accurate lawfully admissible evidence entered against Petitioner;
2) Petitioner alleges that the Court acted contrary to Petitioner's rights to fair consistent sentencing as outlined in statutes and also contrary to judicial cannon jurisprudence, case law, and due process;
3) Petitioner alleges that the Court did not attempt to "exhaust" any alternatives to executing "severe" long-term sentences; and
4) Petitioner alleges that the trial court clearly deprive Petition due process under the 14th and 6th Amendments by denying his 29.15 Motion as Untimely.

The Government responded (Doc. 8) first arguing that the petition was untimely and then addressing each of the four grounds. The Court has reviewed the petition and the Government's response in their entireties but as it has determined that the petition is untimely, the Court will limit its order to that issue.

## II.   Analysis

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(2) explicitly excludes from this period of limitation, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Therefore, while a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(1) is tolled. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Petitioner failed to timely file his federal habeas petition. His conviction became final on May 13, 2011[2]. However, Petitioner did not file the current case until March 29, 2013, well after the 1-year limitation had expired. His later filed post-conviction petition does

---

[2] In Missouri, a defendant has 10 days from the entry of final judgment to file a notice of appeal. MO. SUP. CT. R. 30.01.

not toll the period as it was filed outside the applicable 180-day period and was properly denied as untimely.[3] *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002). Furthermore, equitable tolling is unwarranted in this case as nothing in the petition indicates that Petitioner diligently pursued his rights and that some "extraordinary circumstance" stood in his way. *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005).

### III.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jason M. Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 16th day of February, 2016.

                                                */s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner asserts that the Motion Court improperly denied his 29.15 Motion as untimely because he was delivered to the Missouri Department of Corrections on September 19, 2012 and therefore his November 26, 2012 post-conviction motion was well within the 180-day period as required by Missouri law. However, the record reflects that, as a result of the manufacture and possession sentences, Petitioner was initially delivered to the Missouri Department of Corrections on May 6, 2011 (Doc. 1-1 at 3). While Petitioner could have raised any issues with the revocation of his parole resulting in his return to the Missouri Department of Corrections on September 19, 2012, the Court finds that, upon review of the record, the claims raised before this Court and the claims raised before the Motion Court on his 29.15 motion relate back to the sentencing on May 3, 2011.